[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S BILL OF COSTS
In its Memorandum of Decision dated August 9, 1993, the Court ruled:
 "Judgment may enter for the plaintiff to recover of the defendant $8500 plus costs."
Thereafter on September 7, 1993 the plaintiff filed a Bill of Costs totalling $10,995.07. A hearing was held on the matter October 29, 1993 and on November 19, 1993 the plaintiff filed an affidavit concerning certain costs the items of which were questioned in the original Bill of Costs.
The costs claimed fall into 3 categories. These will be discussed individually.
Section 13a-77 reads:
 "If any appeal to the Superior Court taken under and by virtue of the provisions of this part, when the appellant obtains an award from the court greater than that awarded by the commissioner, costs of court shall be awarded the appellant and taxed against said commissioner in addition to the amount fixed by the judgment."
This case was an appeal from an assessment of damages and benefits of the Commissioner of Transportation. The Commissioner appraised the damages for the property of the plaintiff taken by him as $6,200. The court awarded damages to the plaintiff in the amount of $8,500. Costs therefore by the statute are awardable to the plaintiff.
The plaintiff's costs in this regard were listed in its Bill CT Page 768 of Costs as:
 Complaint $ 9.00 Indemnity $125.00 Entry Fee $125.00 Sheriff's Fee $ 32.40
These costs total $291.40. They are awarded to the plaintiff.
Section 13a-76 reads in part:
 "If the amount of the reassessment of such damages awarded to any such property owner exceeds the amount of the assessment of such damages by the commissioner for such land, such trial referee shall award to such property owner said appraisal fees as such trial referee deems to be reasonable."
The real estate appraiser who testified for the plaintiff was Mark Nadeau, of Guilford. His report was marked Exhibit J. He stated that his fee to prepare the report was $2000. The court deems such fee to be reasonable and awards said amount to the plaintiff.
Section 52-257 (b) reads in part:
 "Parties shall also receive . . . . (5) for maps, plans, mechanical drawings and photographs, necessary or convenient in the trial of any action, a reasonable fee. . . ."
After the oral argument on the question of the Bill of Costs, the plaintiff filed an affidavit from Codespoti Associates of Stratford, an engineering firm who prepared maps and photographs for the trial of the matter by the plaintiff. Their fees for the maps and photographs totalled $1,425.75. This amount appears to the court to be reasonable for the plans and photographs which in fact were used in the trial of the matter.
The costs and fees above described total $3717.15.
The Judgment is amended to read: "Judgment may enter for the plaintiff to recover of the defendant $8500 plus costs and statutory fees of $3717.15 or a total of $12,217.15. CT Page 769
THOMAS J. O'SULLIVAN, TRIAL REFEREE